UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLENE BROWN, individually and on behalf of the Estate of DORIS KUTSMEDA, MARIE SERRAZINA, individually, and on behalf of all others similarly situated,<br>                            Plaintiffs<br><br>        v.<br><br>PHILIP MORRIS INCORPORATED, LIGGETT GROUP, individually and as successor to LIGGETT & MYERS, INC.; R.J. REYNOLDS TOBACCO COMPANY; BROWN & WILLIAMSON TOBACCO CORPORATION, individually and as successor by merger to THE AMERICAN TOBACCO COMPANY and its predecessors in interest; LORILLARD TOBACCO COMPANY, individually and as successor to LORILLARD, INC.; BRITISH AMERICAN TOBACCO COMPANY, L.T.D.; STOP & SHOP; DOES 1 through 500 inclusive; and ROE Corporations 1 through 500, inclusive,<br>                            Defendants | Civil Action No. 03-30110-MAP |

<u>MEMORANDUM AND ORDER WITH REGARD TO THOMAS A. KENEFICK III'S MOTION
TO WITHDRAW (Document No. 66)</u>
November 10, 2003

NEIMAN, U.S.M.J.

   Presently before the court is Thomas A. Kenefick III's motion for leave to withdraw his appearance as counsel to Plaintiffs in the above captioned matter. Charles Lybarger is also counsel of record for Plaintiffs, but only appears pro hac vice. Mr. Kenefick serves as local counsel. For the reasons explained below, Mr. Kenefick's motion will be denied.

Under the local rules of this district, an attorney may withdraw from a case without leave of court by serving notice on his client and the other parties if "(1) such notice is preceded or accompanied by notice of the appearance of other counsel; (2) there are no motions pending before the court; (3) no trial date has been set; and (4) no hearings or conferences are scheduled, and no reports, oral or written, are due." LR. 83.5.2(c).  If these requirements are not met, an attorney may withdraw only with leave of the court.  *Id.* That is the situation here, if for no other reason than Plaintiffs' pending motion to remand. (See Document No. 55.)  Mr. Kenefick has in fact sought the court's leave.

In the usual course, this court would likely grant such a motion.  *See Hammond v. T.J. Little and Co., Inc.,* 809 F.Supp. 156, 159 (D.Mass. 1992) ("In cases where permissive withdrawal is sought, the grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . .") (internal citations omitted).  In this case, however, the court has concluded that Mr. Kenefick's withdrawal is not permitted by Local Rule 83.5.3(b) which governs the appearance of pro hac vice counsel.  That rule provides as follows:

> An attorney who is a member of the bar of any United States District Court or the bar of the highest court of any state may appear and practice in this court in a particular case by leave granted in the discretion of the court, provided he files a certificate that (1) he is a member of the bar in good standing in every jurisdiction where he has been admitted to practice; (2) there are no disciplinary proceedings pending against him as a member of the bar in any jurisdiction; and (3) he is familiar with the Local Rules of the United States District Court for the District of Massachusetts; and provided, further, his application for leave to practice in this court is on motion of a member of the bar of this court, who shall also file an appearance.

LR. 83.5.3(b).  As is evident, the rule requires that an attorney may not appear pro hac vice

without the simultaneous appearance of local counsel. Moreover, the rule implies, if not requires, that the appearance of local counsel be permanent (except, perhaps, when there is a second local attorney).

Here, it was Mr. Kenefick who, on May 27, 2003, moved to permit Mr. Lybarger to appear pro hac vice on behalf of Plaintiffs. (See Document No. 10.) Mr. Lybarger filed a corresponding affidavit. (See Document No. 11.) By proceeding in this manner, both Mr. Kenefick and Mr. Lybarger were complying with the provisions of Local Rule 83.5.3.

The purpose of the rule is self-evident, namely, to allow out-of-state counsel to appear only with the support and supervision of a local attorney. *See Supreme Court of New Hampshire v. Piper*, 470 U.S. 274, 277 (1985) (explaining that "[t]he lawyer appearing pro hac vice must be associated with a local lawyer who is present for trial and argument."); *Obert v. Republic Western Insurance Co.,* 190 F.Supp.2d 279, 298 (D.R.I. 2002) ("pro hac vice counsel may only practice with the assistance of local counsel . . . [and this] local counsel is responsible to the [c]ourt for the conduct of the case"); *Ingemi v. Pelino & Lentz*, 866 F.Supp.156, 162 (D.N.J. 1994) ("Local counsel must also supervise the conduct of the *pro hac vice* attorneys and must appear before the court in all proceedings . . . [L]ocal counsel remains counsel of record.") In effect, the rule imposes a significant, ongoing responsibility on a local counsel and should not be taken lightly.[1]

---

[1] Local Rule 83.5.3(b), in the court's opinion, also trumps Local Rule 83.5.2(c) which permits withdrawal without leave of court if, among other requirements, the "notice of withdrawal is preceded or accompanied by notice or the appearance of other counsel." LR. 83.5.2(c). Given the specificity of Local Rule 83.5.3(b), the court does not interpret "other counsel" as including pro hac vice counsel.

It was in this spirit of permanence that Mr. Kenefick stated – in his motion to permit Mr. Lybarger to appear pro hac vice – that he, Mr. Kenefick, "will at all times act as attorney of record in this matter." (Document No. 10.) Mr. Lybarger's related affidavit made the same representation with regard to Mr. Kenefick. (See Document No. 11.) Both the language and purpose of the rule – if not these dual representations – would be defeated if Mr. Kenefick, being the only local counsel of record, were allowed to withdraw.[2]

Accordingly, for the reasons stated, Mr. Kenefick's motion to withdraw is DENIED. In addition, the court hereby ORDERS Mr. Lybarger, by November 19, 2003, to submit to the court in writing an explanation for his failure to participate in the October 29, 2003 case management conference.[3]

IT IS SO ORDERED.

DATED: November 10, 2003

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[2] The necessity for local counsel was demonstrated at the case management conference on October 29, 2003, when Mr. Kenefick appeared as required via telephone, but Mr. Lybarger, without explanation, did not.

[3] Mr. Lybarger may also want to respond at that time to the court's inquiry, conveyed to Mr. Kenefick at the conference, as to whether Plaintiffs might wish to have Stop & Shop voluntarily dismissed from this case. By letter dated November 4, 2003, Mr. Kenefick reported to the court that he himself did not have such authority.